United States District Court
Southern District of Texas
**ENTERED**
February 24, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| SIFAT LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00258 |
| | § | |
| WERNER CONSTRUCTION LLC, | § | |
| | § | |
| Defendant. | § | |

## <u>OPINION AND ORDER</u>

This case has been referred to me for all pretrial purposes. *See* Dkt. 23. Pending before me is Plaintiff Sifat LLC's amended motion for default judgment. *See* Dkt. 22. It would be inappropriate at this juncture to consider the motion, given the unresolved service issues and the fact that default should not have been entered.

Sifat instituted this case against Werner Construction LLC on August 14, 2025. *See* Dkt. 1. Werner was served via its Owner/Registered Agent, Christina Collier, on August 15, 2025. *See* Dkt. 7. According to the Affidavit of Service and a picture of the house where the process server served Ms. Collier, service was effectuated at 2103 Lakeway Drive, League City, TX 77573. *See id.* This address—2103 Lakeway Drive—is the address that Sifat provided when completing the summons. *See* Dkt. 2. It is also the address listed on the summons issued by the court. *See* Dkt. 5. Most importantly, 2103 Lakeway Drive is the address listed for Werner on the contract between Sifat and Werner that is the subject of this lawsuit. *See* Dkt. 11-1 at 2.

Despite requesting a summons for Werner at 2103 Lakeway Drive, the summons being issued for 2103 Lakeway Drive, service being effectuated at 2103 Lakeway Drive, and 2103 Lakeway Drive being the address listed on the contract that is the subject of this suit, Sifat has served all subsequent filings in this case on

Werner at 2105 Lakeway Drive, as opposed to 2103 Lakeway Drive. *See* Dkt. 9 at 12; Dkt. 11 at 12; Dkt. 12 at 2; Dkt. 14 at 2; Dkt. 20 at 4; Dkt. 22-1 at 11–12. Sifat's failure to direct its filings to the correct address for Werner—2103 Lakeway Drive—creates a serious notice problem.

"Courts generally require that some notice be given to a defendant between the time of initial service of process and entry of default judgment." *Regal Nails, Salon & Spa, LLC v. Ha*, No. 20-14388, 2021 WL 4976529, at *4 (S.D. Fla. Sept. 9, 2021) (collecting cases). The Federal Rules of Civil Procedure require that all papers "be served on every party." Fed. R. Civ. P. 5(a)(1). Here, Sifat purports to have served Werner by mail. Although mail is a proper method of serving papers, such mailings must be properly addressed. *See Smith v. New Leaf Assocs., L.L.C.*, No. 05-919, 2010 WL 3385168, at *1 (M.D. La. Mar. 9, 2010) ("While service by certified mail does not require actual delivery, it does require that the notice be received by defendant or by a person authorized to receive mail on his behalf." (quotation omitted)).

The one and only time that Sifat has attempted service via the United States Postal Service, certified mail, return receipt requested, the post office confirmed that 2105 Lakeway Drive was an incorrect address. That attempted service occurred on February 13, 2026, when Sifat mailed its amended motion for default judgment to 2105 Lakeway Drive. *See* Dkt. 22-1 at 2, 11. Sifat has provided the tracking number for the mailing. *See id.* at 11, 12. The tracking information on USPS's website shows that 2105 Lakeway Drive is an incorrect address:



*See* USPS Tracking for Tracking Number 9589071052702632659288, https://tools.usps.com/go/TrackConfirmAction_input?origTrackNum=9589071 052702632659288 (last visited February 23, 2026).[1]

---

[1] Federal courts routinely take "judicial notice that the USPS website states that it stores tracking records related to certified mail for two years." *Wilmington PT Corp. v. Tiwana*, No. 19-cv-2035, 2023 WL 4673777, at *10 (E.D.N.Y. June 12, 2023) (citing https://faq.usps.com/s/article/USPS-Tracking-The-Basics#How_can_I_use_USPS_Tr acking, and collecting cases). When the tracking numbers at issue are within that two-year timeframe, courts also take "judicial notice of the information about that tracking number found on the U.S. Postal Service's website." *Walker v. Houston Hous. Auth.*, No. H-19-2736, 2020 WL 1855196, at *2 n.27 (S.D. Tex. Mar. 24, 2020), *report and recommendation adopted*, No. H-19-2736, 2020 WL 1848056 (S.D. Tex. Apr. 13, 2020), *aff'd sub nom. Walker v. Skalka*, 847 F. App'x 230 (5th Cir. 2021).

Because there is no indication in the record that Werner has been properly served with any filing in this case after the initial service of summons, it was inappropriate for the Clerk to enter default against Werner. Accordingly, the Clerk's Entry of Default (Dkt. 15) is withdrawn.[2]

Sifat may apply for a default judgment only after default has properly been entered. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Because Werner is not yet in default, Sifat's amended motion for default judgment (Dkt. 22) is denied without prejudice as moot.[3]

Sifat must properly serve Werner, via USPS, with every document that Sifat has filed in this case at the same address at which Werner was originally served with process: 2103 Lakeway Drive, League City, TX 77573. No further action will be taken in this case until Sifat proves to this court that it has served all its filings in this case on Werner at 2103 Lakeway Drive.

SIGNED this __24__ day of February 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). Setting aside an entry of default is a non-dispositive matter because doing so does not dispose of a party's claim or defense. *See Carey v. Hannah, Kendrix, Zachary & Assocs.*, No. 1:11-cv-1782, 2011 WL 13322458, at *1 n.1 (N.D. Ga. Sept. 2, 2011); *Jou v. Adalian*, No. 09-226, 2009 WL 4798204, *1 (D. Hawaii, Dec. 3, 2009).

[3] Denying Sifat's motion for default judgment without prejudice does not dispose of any party's claim or defense. Accordingly, I may rule by order rather than making a recommendation. *See Field v. Exponential Wealth Inc.*, No. 21 Civ. 1990, 2023 WL 2263120, at *7 (S.D.N.Y. Feb. 27, 2023) (denial of motion for default judgment without prejudice is within magistrate judge's authority to order, rather than recommend); *Griffin v. Philips*, No. 4:22-cv-268, 2023 WL 129416, at *2 (S.D. Ga. Jan. 9, 2023) (same).